Rene Faure, Plaintiff, *v.* Harris S. Bigelow et al., Copartners Doing Business under the Name of Sales Analysis Institute of New York, Defendants.

Supreme Court, Special Term, New York County, March 22, 1948.

*Flynt and Sully* for plaintiff.

*William E. Vogel* for defendant.

Eder, J.   Motion granted.   The plaintiff sues the defendants, as copartners, alleging they are indebted to him in the sum of

$2,286: he obtained a warrant of attachment against the property of the defendant Bigelow only, alleging he is a nonresident. A levy under the warrant was made against the property of Bigelow; thereafter he obtained an order discharging the attachment as to the whole of the property of said defendant upon filing an undertaking in the sum of $3,000, conditioned that said defendant Bigelow will, on demand, pay to the plaintiff the amount of any judgment which may be recovered herein against him, not exceeding said sum.

Plaintiff claims that such undertaking is insufficient and that said defendant Bigelow should be required to file a new undertaking, or an amended one, which shall provide for the payment of any judgment which may be recovered against him either alone or jointly with the codefendant Buck, in the sum of $3,000; that only the filing of such an undertaking is a compliance with section 954 of the Civil Practice Act.

The defendant Bigelow contends, on the other hand, that the undertaking, as conditioned and filed, is a full compliance with section 954, and, further, that the application for the discharge of the attachment was not made under section 954 but under section 958, which, he maintains, is the provision properly applicable.

It appears that certified copies of the warrant of attachment were served on the codefendant Buck as a partner in a concern known as Sales Analysis Institute and on a named bank in which the partnership account of said Institute was maintained, and, also, on another named bank in which the defendant Bigelow kept a personal account.

Counsel state research has not revealed a reported construction of the point involved.

Plaintiff contends that in accepting the undertaking to discharge the attachment without a specific provision therein for payment of any judgment recovered against Bigelow jointly with Buck, as well as against Bigelow alone, the court has deprived plaintiff of a substantial remedy, while Bigelow claims it has not, and asserts that section 954 is inapplicable to a situation like that at bar.

Section 954, entitled " *Application for discharge by one of several defendants* ", so far as here relevant, provides: " Where there are two or more defendants, and an application is made, as prescribed in the last two sections, by one or more, but not by all of them, the undertaking must provide for the payment of any judgment which may be recovered against any of the defendants in the action, unless the applicant makes proof, to the satis-

faction of the court or judge, that the property with respect to which the application is made belongs to him separately; in which case, the undertaking must provide for the payment of any judgment which may be recovered in the action against the applicant, either alone, or jointly with any other defendant."

Section 958, entitled " *Discharge of attachment on application of partner* ", so far as here material, provides:

" 1. If a warrant of attachment is levied upon the interest of one or more partners in a partnership, the other partners, or any of them, at any time before final judgment, may apply to the judge who granted the warrant, or to the court, upon an affidavit showing the facts, for an order to discharge the attachment as to that interest.

" 2. Upon such an application, the applicant must give an undertaking, with at least two sufficient sureties to the effect that they will pay to the sheriff, on demand, if judgment is recovered against the defendant whose interest in a partnership is so levied upon, an amount not exceeding a sum specified in the undertaking, which must be not less than the value of the interests of the defendant in the partnership levied upon by virtue of the attachment, as fixed by the court or judge. If the value, in the opinion of the court or judge, is uncertain, the sum shall be such as the court or judge determines."

The claim of Bigelow that the application for the discharge of the attachment was made under section 958 and not under section 954, cannot be sustained. The application for the discharge of the attachment was to discharge it as to the *whole* of the property of the defendant Bigelow attached thereunder and the order so provides; and where this is the object sought, an undertaking must be filed conditioned for the payment of any judgment recovered, and the payment must be to the plaintiff; this is the clear purport of section 954; the condition of the undertaking filed herein by Bigelow is consonant with the language of section 954.

Where the discharge of an attachment is sought of a levy upon the interest of one or more partners in a partnership, under the provisions of section 958, the discharge which may be granted thereunder is not as to the *whole* of the property of the defendant, but is limited to discharging the attachment " as to that interest ", i.e., the interest in the partnership levied upon. Under section 958, the conditions of the undertaking required to be given are quite different. The defendant Bigelow did not apply merely for a discharge of the attachment as to his *interest in the partnership,* but sought and obtained a dis-

charge of the attachment as to *all* of his property, and it is abundantly clear that the application was made and the undertaking filed, and the order granted, pursuant to the provisions of section 954.

We come, then, to the question whether the undertaking given is a compliance with section 954.

Defendant argues that the language of section 954 indicates that it only applies where the attachment is levied against the property of two or more defendants and is inapplicable to a situation like the present where the attachment was issued only against the property of the defendant Bigelow. In other words, that section 954 applies only where the property of *all* defendants has been attached, and not to the instant case where the property of only one defendant has been attached.

I am unable to concur in this view.

Firstly, there is no such limitation in section 954 — certainly none in express terms. Secondly, this action is against a partnership and recovery by plaintiff would result in a *joint* and *several* judgment against both defendants (*Patrikes* v. *J. C. H. Service Stations, Inc.*, 180 Misc. 917, affd. 180 Misc. 927, motion for leave to appeal denied 266 App. Div. 924); the liability of Bigelow under such a judgment would be satisfied out of his attached property (Civ. Prac. Act, §§ 968, 969), in the absence of a discharge of the attachment.

Thus, under the lien of the attachment and its continuance the plaintiff has protection on a joint judgment as well as on a several one. It seems to me to be inconsistent with logic to hold that the filing of an undertaking under section 954 should give the attachment plaintiff a lesser protection on a joint judgment than he would have under the continuance of the attachment itself.

It is my opinion that in a case like the one at bar, where one of several defendants makes application to discharge an attachment against him alone, i.e., to discharge attachment against property which belongs to him separately, the undertaking must, as the statute declares, provide for the payment of any judgment which may be recovered in the action against the applicant, either alone, or jointly with any other defendant.

For the foregoing reasons the motion is granted. Settle order.